UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LEON LACE,

        Petitioner,

        v.                                                    Case No. 06-C-1283

LARRY JENKINS, Warden,

        Respondent.

ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS[1]

On December 11, 2006, petitioner Leon Lace filed a petition for writ of habeas corpus. On April 5, 2007, this court issued an order screening the petition pursuant to Rule 4 of the Rules Governing § 2254 cases and requiring the respondent to answer or otherwise respond. Thereafter, the respondent filed a Motion to Dismiss for failure to file within the one-year limitations period for commencing a federal habeas action. Lace did not timely respond to that motion.

On February 20, 2008, this court issued an order denying the respondent's motion without prejudice. The order read as follows:

> According to the petition and attached court records, Lace was convicted in Milwaukee County Circuit Court on April 12, 2000, and the judgment was entered on May 23, 2000. He appealed his conviction, which was affirmed by the Wisconsin Court of Appeals on June 25, 2002. *State v. Lace*, Appeal No. 01-1238. The Wisconsin Supreme Court denied Lace's petition for review on September 26, 2002. (Pet.1-2.) Lace

---

[1] Because the court previously denied respondent's motion without prejudice, and because a Motion for Reconsideration would be inappropriate under the circumstances, the respondent's "Motion for Reconsideration of Order Denying Respondent's Motion to Dismiss" will be interpreted as a renewed Motion to Dismiss.

> then filed a petition for certiorari with the U.S. Supreme Court, which was denied on January 13, 2003. (Pet. 3.)
>
> On July 30, 2003, Lace filed a post-conviction motion in the Milwaukee County Circuit Court. (Pet. 3.) That motion was denied on March 15, 2004. (Pet. 4.) The court of appeals affirmed on August 30, (Pet. 4), and the Wisconsin Supreme Court denied review on December 14, 2005, *see State v. Lace,* 2006 WI 3, 286 Wis. 2d 661, 708 N.W.2d 692.
>
> In calculating the one-year time limit set forth by 28 U.S.C. § 2244(d), it appears that just over six months, two weeks lapsed between the date Lace's conviction became final (January 13, 2003) and the date he properly filed for state post conviction relief (July 30, 2003). The period between July 30, 2003 and December 14, 2005 (date that denial of post-conviction motion became final) is tolled pursuant to § 2244(d)(2), and thus not counted against the AEDPA time limits. However, as of December 14, 2005, once his state post-conviction motion was no longer pending, Lace had approximately five months, two weeks remaining from that date to properly file a federal habeas petition under AEDPA's one-year time limit. As noted, Lace did not file this petition until December 11, 2006, which was nearly one year following the date his post conviction motion became final.

(Order Denying Respondent's Mot. to Dismiss 3-5). However, while noting that the petition appeared untimely, the court denied the motion because it could not account for a "Motion to Modify Sentence" that the petitioner indicated he filed in 2003. Specifically, the court stated:

> . . . Lace notes that on June 12, 2003, he filed a "Motion to Modify Sentence" in Milwaukee County Circuit Court. (Pet. 4.) He then indicates that this motion was denied by the circuit court on June 18, 2006. (Pet. 4.) On the next page Lace mentions that he did not appeal the "motion to modify sentence" because it "was a discretionary review and an appeal was not warranted." (Pet. 5.) Lace does not attach any exhibits to his petition regarding this motion, does not indicate if this motion was filed pursuant to any Wisconsin Statute, and does not specify the grounds raised in the motion. Interestingly, however, neither does the respondent. Indeed, in the Brief in Support of Motion To Dismiss Habeas Action and attached documents, the respondent does not appear to address this alleged "Motion to Modify Sentence," which, according to Lace, sat pending in the circuit court for over three years. It may be that the "Motion to Modify Sentence" is

2

> inconsequential or that the dates listed by the petitioner are incorrect. However, the petitioner signed the pending habeas petition under penalty of perjury, thereby requiring this court to assume that he believes his assertions are true and accurate. On the other hand, this court will not make any assumptions regarding the form, content, filing, or impact of the alleged Motion to Modify Sentence.

(*Id.*) Therefore, as the court could not reach any conclusion as to the "Motion to Modify Sentence" and its potential effect on timeliness of the instant petition, the respondent's motion was denied as premature. The respondent was then instructed to file an answer, motion, or other response to the petition.

Before the court is the respondent's renewed Motion to Dismiss. With his motion, the respondent attaches Lace's illusive "Motion to Modify Sentence," which indicates that it was filed on June 17, 2003, along with the Milwaukee County Circuit Court's order denying the motion on June 18, 2003. The motion did not collaterally attack the conviction; it sought changes to the term of confinement. As such, it does not toll time pursuant to 28 U.S.C. § 2244(d)(2), and regardless, the one day lapse would not substantially impact calculation of the one-year time limit under AEDPA.

As discussed in this court's previous order, Lace had approximately five months, two weeks remaining from December 14, 2005, the date his state post-conviction motion was no longer pending, in which to properly file a federal habeas petition under AEDPA's one-year time limit. Lace did not file this petition until December 11, 2006, which was nearly one year following the date his post conviction motion became final. Given that the "Motion to Modify Sentence" did not further toll time, Lace's petition is untimely by over six months.

3

Understanding that his petition may be untimely, Lace, in his response to the Motion for Reconsideration, asserts that he is entitled to equitable tolling. For this to apply and toll the limitations period for filing a habeas petition, Lace must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance beyond his control made it impossible for him to pursue his petition within the limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999).

Here, Lace submits that he "is incarcerated in the Wisconsin Prison System under the name 'John Doe.'" As such, he "never receive[d] or was aware of the circuit court decision denying his motion [to modify sentence]" and was not certain his state claims had been exhausted. However, as discussed, the motion to modify sentence does not qualify as a "a post-conviction motion or other collateral review with respect to the pertinent judgment" that tolls time under 28 U.S.C. § 2244(d)(2). Further, even if it did toll time, Lace's failure to discover that his "motion to modify sentence" had been denied the day after it was filed demonstrates a lack of diligence, and he presents no foundation for this court to conclude that "extraordinary circumstances" prevented him from filing a timely petition.[2]

---

[2] Before proceeding any further, the court takes a moment to address several points regarding the respondent's submissions in this matter. It is apparent from the respondent's initial Brief in Support of its Motion to Dismiss that he failed to read the petition carefully or ignored matters material to his motion. Specifically, the petition stated on its face that the petitioner filed a "Motion to Modify Sentence" on June 12, 2003, which was denied on June 18, 2006. The respondent did not address this motion in its Motion to Dismiss in which it asserted that the petition was untimely under 28 U.S.C. § 2244(d). The court noted that Wisconsin state and federal courts have referred to post-conviction motions as "motions to modify sentence," *see Graham v. Borgen*, 483 F.3d 475 (7th Cir. 2007), and that without more information it "cannot reach any conclusion as to the 'Motion to Modify Sentence' and its effect on timeliness of the instant petition." (Order Denying Resp.'s Mot. 5.) "It may be that the 'Motion to Modify Sentence' is inconsequential or that the dates listed by the petitioner are incorrect. . . . [T]his court will not make any assumptions regarding the form, content, filing, or impact of the alleged Motion to Modify Sentence." (*Id.* at 4.)

In its "Motion for Reconsideration," the respondent demonstrates great shock that this court

4

For the reasons state above,

IT IS ORDERED that the respondent's Renewed Motion to Dismiss is granted.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

---

would take the petitioner's assertions at face value and not simply grant the motion due to unlikelihood that the plaintiff was accurately stating the status of that motion to modify sentence along with the petitioner's failure to provide further information. In its order, the court identified the lack of information regarding the "Motion to Modify Sentence" as the reason it could not conclude the petition was untimely, and there was no obstacle to the respondent obtaining this information prior to submitting its Motion to Dismiss—he otherwise satisfied his burden by addressing the petitioner's other state court filings. Further, the respondent's unnecessary whining that "[t]his court simply took [petitioner's] allegation that he had a sentence modification motion pending *for three years* at face value" demonstrates an underestimation of his own burden as the moving party under the circumstances and presumes too much from the court. (*See* Mot. for Reconsideration 2.) This court acts well within its discretion in holding the respondent to its burden of demonstrating the untimeliness of the petition. *See Rosas v. O'Sullivan*, 14 F. Supp. 2d 1063 (N.D. Ill. 1998) (holding that the respondent, in support of its motion to dismiss, failed to present sufficient evidence for the court to determine that the petition was time-barred). Further, the respondent's shock that this court would believe the petitioner's assertions even though the petition was not notarized is irrelevant and misconstrues the court's order.

The respondent's further mischaracterization of this court's order is troubling. The respondent filed the instant motion as a "Motion for Reconsideration." However, contrary to the respondent's assertions, the court did not adjudicate any claims or rights based on a "manifest error of law or fact" that requires reconsideration, and it certainly did not issue its order based on an "erroneous belief . . . [petitioner's] sentence modification motion had tolled the running of the statute of limitations for three years." (Reply to Pet.'s Resp. 3.) The court never made such a finding nor indicated such a belief. The order specifically stated the reasons why the respondent's previous motion was denied without prejudice; the motion was premature given the failure to address relevant matters listed on the face of the petition. As the motion was denied without prejudice, the court explicitly permitted the respondent to file "an answer, motion, or other response" to the petition, (*See* Order Denying Motion to Dismiss 5); again, contrary to the respondent's assertions, the court did not "order the respondent to file an answer to the petition." (Mot. for Reconsideration 1.) Further, the cases cited by the respondent on this point are not relevant to the current action. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc*., 90 F.3d 1264, 1269-70 (7th Cir. 1996) (discussing reconsideration based on newly discovered evidence relating to an order for summary judgment); *Dye v. Lennon*, 2007 WL 2436852 (E.D. Wis. Aug. 22, 2007) (discussing reconsideration of court's denial of a prisoner's petition to proceed in forma pauperis on a §1983 claim due to accumulation of "three strikes").

However, in this case, despite issues with the respondent's submissions, the petitioner may survive the renewed motion only if he can demonstrate that his time for filing was tolled. As noted in this order, based on the submissions of the parties, the petition is indeed untimely.

5